1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,

11            Respondent.                    No. 2:08-cr-0212 LKK EFB P

12       vs.

13  MICHAEL R. EPPS, JR.,

14            Movant.                    FINDINGS & RECOMMENDATIONS

15  _____/

16       Movant is a federal prisoner proceeding pro se with a motion for a writ of error coram

17  nobis pursuant to 28 U.S.C. § 1651.[1]  Respondent has filed a motion to dismiss, claiming that

18  movant waived his right to bring this motion.  Dckt. No. 459.  For the following reasons,

19  respondent's motion to dismiss must be granted.

20  **I.     Background**

21       Movant was charged with conspiracy to distribute and to possess with the intent to

22  distribute methamphetamine.  He was also charged with two counts of use of a telephone to

23  facilitate a drug traffic offense.  Indictment, Dckt. No. 37 (Counts 1, 10, 11).  On September 30,

24  2008, movant pled guilty to two counts, each charging use of a telephone to facilitate the charged

25  _____

26       [1]  This motion was assigned, for statistical purposes, the following civil case number:
No. CIV S-10-0327 LKK EFB.

1

1   conspiracy, in exchange for the government dismissing the remaining counts in the indictment.[2]

2   Dckt. No. 178.  On March 3, 2009, the assigned district judge sentenced movant to 96 months

3   imprisonment.  Dckt. No. 261.

4       Movant's plea agreement contained a clause in which he specifically waived his right to

5   collaterally attack his sentence: "Regardless of the sentence he receives, the defendant also gives

6   up any right he may have to bring a post-appeal attack on his conviction or his sentence.  He

7   specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction

8   or sentence."  Dckt. No. 178 at 6.

9   **II.     Discussion**

10      Respondent seeks dismissal of movant's petition for writ of error coram nobis on the

11  ground that movant waived his right to collaterally challenge his conviction and sentence.

12  Respondent contends that the petition for writ of error should properly be characterized as a

13  motion to set aside, vacate or correct movant's sentence pursuant to 28 U.S.C. § 2255 and that a

14  writ of coram nobis is only available when a usual remedy is not.  Dckt. No. 459 at 2.  According

15  to respondent, the fact that movant may not seek relief under § 2255 does not permit him to

16  circumvent his waiver and collaterally attack his conviction and sentence by way of coram nobis.

17  *Id*.

18      Whether movant's pleading should be characterized as a petition for writ of error coram

19  nobis or a § 2255 motion, he has waived his right to collaterally attack his conviction under both

20  avenues.  The language of the plea agreement states that movant "gives up *any* right he may have

21  to bring a post-appeal attack on his conviction or his sentence."  Dckt. No. 178 at 6 (emphasis

22  added).   The word "any" is sufficient to include a writ of error coram nobis, as a petition for

23  coram nobis is simply one way to collaterally attack a sentence.  The fact that the next sentence

24  in the plea agreement states that movant is specifically precluded from attacking his sentence

25

26          [2] Movant pled guilty to Count 10 in the Indictment and Count 1 in the Superseding
        Information.  Dckt. Nos. 37, 177.

1   under 28 U.S.C. § 2255 and § 2241 does not change this conclusion.  The subsequent sentence

2   simply identifies the two most common avenues federal prisoners utilize when collaterally

3   attacking their convictions and states that movant has specifically waived his right to pursue

4   recourse under either statute.  It in no way changes movant's general waiver of his right to seek

5   "any" collateral review.[3]

6        Regardless of how movant's motion is characterized, he is precluded from challenging

7   his sentence as long as his waiver was knowingly and voluntarily made.  *See United States v.*

8   *Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990) (holding that a knowing and voluntary

9   waiver of appeal rights in a negotiated plea agreement is enforceable in federal court); *United*

10  *States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) ("A defendant's waiver of his appellate

11  rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds

12  raised, and if the waiver was knowingly and voluntarily made"); *United States v. Abarca,* 985

13  F.2d 1012, 1014 (9th Cir. 1993) (upholding waiver of right to collateral review).

14       The undersigned finds that movant waived his right to collaterally challenge his

15  conviction and sentence.  The language of the plea agreement clearly recites the waiver.

16  Furthermore, movant does not allege that his waiver of his right to challenge his conviction was

17  not knowingly or voluntarily made.  Accordingly, movant is precluded from collaterally

18  challenging his conviction and sentence through his motion.

19       Movant claims, however, that the court may reduce his sentence notwithstanding his

20  waiver because the United States Supreme Court decriminalized the conduct to which he pled

21  guilty in *Abuelhawa v. United States*, 556 U.S. 816 (2009).  Dckt. No. 497 at 1.  In *Abuelhawa*,

22

23       [3]  Without citation to authority, movant claims that while he has waived his right to
    pursue habeas relief under 28 U.S.C. §§ 2255 and 2241, coram nobis remains available because
24  it "is not collateral but a continuance in criminal proceeding."  Dckt. No. 398 at 5.  Contrary to
    movant's unsupported assertion, a writ of error coram nobis is a means of collaterally attacking a
    conviction or sentence.  *See Wall v. Kholi*, ___ U.S. ___,  131 S.Ct 1278, 1284-85 (2011)
25  (observing that coram nobis has been described as a collateral attack and that Supreme Court
    precedent has "distinguished between the process of direct appeal and 'a number of collateral
26  remedies,' including Federal Rule 35 motions, § 2255 motions, and coram nobis.").

1    the Supreme Court held that the defendant's drug purchases for personal use, a misdemeanor

2    under 21 U.S.C. § 844, was insufficient to support a felony conviction under section 843(b).  *Id.*

3    at 821-824.  The Court reasoned that "Congress meant to treat purchasing drugs for personal use

4    more leniently than the felony of distributing drugs, and to narrow the scope of the

5    communications provision to cover only those who facilitate a drug felony."  *Id.* at 822.  Thus,

6    for an individual to be convicted under 843(b), he must have committed a "felony for which he

7    may be convicted."  *United States v. Acosta-Gallardo*, 656 F.3d 1109, 1121 (10th Cir. 2001).

8         Here, movant's guilty plea was not predicated on a purchase of drugs for personal use.

9    The first count he pled guilty to was for using a telephone on April 3, 2008, to facilitate a

10   "conspiracy to possess with intent to distribute methamphetamine . . . in violation of Title 21,

11   United States Code, Sections 841(a)(1) and 846, all in violating of . . . Section 843(b).  As for the

12   second count, movant pled guilty to using a telephone on April 19, 2008, "to facilitate a

13   conspiracy to distribute and possess with intent to distribute methamphetamine . . . in violation

14   of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States

15   Code, Section 843(b)."  The two counts were based on movant making two separate telephone

16   calls, "each telephone call facilitat[ing] the conspiracy to distribute and possess with intent to

17   distribute at least 50 grams of methamphetamine (actual)."  Dckt. No. 178 at 10.

18        According to movant, he "is guilty of accepting the calls and . . . guilty of discussing the

19   purchase of methamphetamine.  He is also guilty of entering into the plea agreement, and . . .

20   being involved in the conspiracy, but . . . [his] conduct does not reach the conduct needed to

21   constitute a felony crime to which he plead [*sic*]."  Dckt. No. 398 at 10-11.  Movant is mistaken.

22   Each call facilitated the conspiracy to distribute and possess with intent to distribute *at least 50*

23   *grams* of methamphetamine.  Dckt. No. 178 at 10.  Under 21 U.S.C. § 841(a) and (b),

24   distribution or possession with intent to distribute 50 grams or more of methamphetamine is

25   punishable by no less than 10 years in prison.  Because the underlying conduct resulting in

26   movant's conviction under 21 U.S.C. § 843(b) was punishable as a felony, the Supreme Court's

4

1  decision in *Abuelhawa* does not provide movant any relief.

2  **III.    Conclusion**

3      Movant knowingly and voluntarily waived his right to collaterally challenge his

4  conviction and sentence.  Accordingly, it is hereby RECOMMENDED that:

5      1.  Respondent's motion to dismiss, Dckt, No. 459, be granted; and

6      2.  The Clerk of the Court be directed to close the companion civil case No. 10-cv-0327

7  LKK EFB.

8      These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

13  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

14  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

15  his objections movant may address whether a certificate of appealability should issue in the

16  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

17  Section 2255 Cases (the district court must issue or deny a certificate of appealability when it

18  enters a final order adverse to the applicant).

19  DATED:  January 16, 2013.

20                                          _____
                                             EDMUND F. BRENNAN
21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26